IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

RANDALL L. BANKS                  §

VS.                                §     CIVIL ACTION NO. 1:07cv924

NATHANIEL QUARTERMAN              §

### MEMORANDUM ORDER REGARDING TRANSFER

Petitioner Randall L. Banks, an inmate confined at the Hightower Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

### Discussion

On January 22, 2002, in the 372nd Judicial District Court of Tarrant County, Texas, following a jury trial, petitioner was convicted of aggravated sexual assault of a child.  Petitioner was sentenced to a term of twenty-five years imprisonment in the Texas Department of Criminal Justice.

Petitioner brings this petition asserting that he was denied effective assistance of counsel and that the evidence was both legally and factually insufficient.

Pursuant to 28 U.S.C. § 2241(d), a petitioner may bring his petition for writ of habeas corpus in the district court for the district wherein such person is in custody or in the district court for the district within which he was convicted.  Section 2241(d) further provides that the district court in the exercise of its discretion may transfer the action to the other district in the furtherance of justice.

Petitioner is currently confined at the Hightower Unit in Liberty, Texas. However, petitioner was convicted and sentenced in Tarrant County, Texas.  Pursuant to 28 U.S.C § 124, Tarrant County is in the Fort Worth Division of the Northern District of Texas.

While jurisdiction is proper in the Eastern District of Texas because the prisoner is confined within the district court's territorial boundaries, the court has considered the circumstances and has determined that the interest of justice would best be served if this petition were transferred to the division in which the petitioner was convicted. Under 28 U.S.C. § 1404(a), for the convenience of parties and witnesses and in the interest of justice, a district court may transfer any civil action to any other district or division where it could have been brought.  Such a transfer may be done *sua sponte* and is reviewable only for an abuse of discretion. *Mills v. Beech Aircraft Corp.*, 886 F.2d 758, 761 (5th Cir. 1989).

Since petitioner complains of a conviction which occurred in the Fort Worth Division of the Northern District of Texas and all records and witnesses involving this action may be located in the Northern District, the transfer of this action to such division would further justice.  Therefore, it is the opinion of the undersigned that this petition should be transferred to the United States District Court for the Northern District of Texas, Fort Worth Division. An Order of Transfer so providing shall be entered in accordance with this Memorandum Order.

**SIGNED** this  27  day of      December         , 2007.

_____
KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE